IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

ABBY HARTMAN,

Plaintiff,

vs.

CITY OF LINCOLN, NEBRASKA,

Defendant.

4:19CV3100

**FINAL PROGRESSION ORDER
(AMENDED)**

The parties have filed a joint stipulation regarding deposition limits and requested an extension of the deposition and summary judgment deadlines to allow for mediation of the case to occur. Accordingly,

IT IS ORDERED that the parties' stipulation (Filing No. 104) is approved, and the final progression order is amended as follows:

1) The trial and pretrial conference will not be set at this time. A status conference to discuss case progression, the parties' interest in settlement, and the trial and pretrial conference settings will be held with the undersigned magistrate judge on **January 4, 2022** at **10:00 a.m.** by telephone. Counsel shall use the conferencing instructions assigned to this case to participate in the conference.

2) The deposition deadline, including but not limited to depositions for oral testimony only under Rule 45, is December 21, 2021. The parties have agreed that the deadline for deposing expert witnesses will be set after dispositive motion rulings have been issued.

3) The parties agree that Plaintiff may exceed the ten (10) deposition limit set in the Rule 26(f) Report with the following limitations:

(a) Depositions of non-expert witnesses shall be limited to the following individuals: Jeff Bliemeister, Jim Peschong, Brian Jackson, Matt Mittelstadt, Jason Hellmuth, Tyler Lindstedt, Grant Richards, Jake Dilsaver, Tarvis Banks, Mike Muff, Rusty Lashley, Jared Grayson, Joseph Keiser, Tate Hallowell, Kathy Phillips, and a Rule 30(b)(6) deposition; and

(b) Defendant's counsel has asked Plaintiff's counsel to limit the depositions of Jason Hellmuth, Tyler Lindstedt, Jake Dilsaver, Matt Mittelstadt, Mike Muff, Rusty Lashley, and Tate Hallowell to the extent reasonably possible to ninety (90) minutes each and be restricted to their personal knowledge related to the subject matter of Plaintiff's allegations in her Complaint as it relates to policy and custom. Plaintiff's counsel has considered defendant counsel's request and agrees to conduct depositions in good faith and in a reasonably expeditious manner.

4) The deadline for filing motions to dismiss and motions for summary judgment is February 4, 2022.

5) Is this case is not resolved following an order on a motion for summary judgment, the parties shall contact the chambers of the undersigned magistrate judge within ten days.  At that time, the court will set a conference to discuss the deadlines for expert witness depositions, for filing motions to exclude testimony on *Daubert* and related grounds, and to discuss the trial and pretrial conference settings.

6) Motions in limine shall be filed seven days before the pretrial conference. It is not the normal practice to hold hearings on motions in limine or to rule on them prior to the first day of trial. Counsel should plan accordingly.

7) The parties shall comply with all other stipulations and agreements recited in their Rule 26(f) planning report that are not inconsistent with this order.

8) All requests for changes of deadlines or settings established herein shall be directed to the undersigned magistrate judge, including all requests for changes of trial dates. Such requests will not be considered absent a showing of due diligence in the timely progression of this case and the recent development of circumstances, unanticipated prior to the filing of the motion, which require that additional time be allowed.

Dated this 16th day of September, 2021.

BY THE COURT:

*s/ Cheryl R. Zwart*
United States Magistrate Judge